# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUTBERTO HARO RAMIREZ ) | **1:08-cv-00633-OWW-JMD-HC** |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | RECOMMENDING TRANSFER OF CASE |
| v. ) | TO CENTRAL DISTRICT OF CALIFORNIA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | OBJECTIONS DUE WITHIN THIRTY DAYS |

Petitioner Cutberto Haro Ramirez ("Petitioner") is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2241.

**Procedural History**

On June 1, 1999, a jury convicted Petitioner of one count of possession with the intent to distribute cocaine (21 U.S.C. § 841(a)(1)) and one count of aiding and abetting (18 U.S.C. § 2(a)) in the United States District Court, Central District of California. (Pet. at 3; Answer; Ex. 1, attachment 1). The District Court sentenced Petitioner to one-hundred eighty-eight months imprisonment and imposed a fine and special assessment. (Answer, Ex. 1, attachment 1).

Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of California on May 7, 2008. Respondent filed an answer to the Petition on November 5, 2008.

///

///

**Factual Background**

Petitioner does not challenge the validity of his conviction or sentence. Rather, Petitioner contends that the execution of his sentence violates federal law because the United States Attorney, Financial Litigation Unit, improperly added interest and penalties to the financial obligations imposed by Petitioner's sentence. Accordingly, the factual background relevant to the instant petition concerns Petitioner's sentence and the monies Petitioner has paid in satisfaction of his sentence.

The District Court imposed a fine of twenty-thousand dollars on Petitioner and a special assessment of two-hundred dollars. (Answer, Ex. 1, attachment 1). Petitioner's sentence provides that payments may be made through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Program (IFRP).[1] (Id.). Petitioner enrolled in IFRP on June 28, 2000. (Pet. at 14).

Petitioner's IFRP Inmate Financial Contract provides that payments shall be sent to the United States District Court, Central District of California. (Id.). Records submitted by Petitioner and Respondent indicate that Petitioner made regular monthly payments of twenty-five dollars each month from August 2000 to April 2003; these payments were made through the IFRP and ultimately received by the District Court for the Central District of California. (Pet. at 11-12; Answer, Ex. 1, attachment 2).[2] Petitioner's payments for May, June, and July 2003 were returned for insufficient funds. (Pet. at 12). It appears that no payment was attempted for the month of August 2003.[3] (Id.).

---

[1] The BOP's IFRP applies to nearly all post-trial inmates in federal facilities and is meant to encourage inmates to meet their financial obligations, including fines and penalties imposed as part of an inmates sentence. See 28 C.F.R. § 545.10. Under the IFRP, unit staff develop a financial plan for each inmate and monitor his or her progress in adhering to that plan. 28 C.F.R. § 545.11. An inmate is free to decline to participate in the IFRP, but the failure either to participate or to comply with a financial plan created pursuant to the program carries certain consequences. See 28 C.F.R. §§ 545.11(d). Once enrolled in the IFRP, inmates are required to make monthly payments towards their financial obligations.

[2] Petitioner submitted a document entitled "Contract/Payment History Report" which indicates that Petitioner made the first twenty-five dollar payment towards the amounts owed pursuant to his sentence on August 8, 2000. (Pet. at 11). Respondent submitted a document entitled "Case Inquiry Report" which indicates that the District Court received the first payment towards Petitioner's obligations on August 24, 2000. (Answer, Ex. 1, attachment 2).

[3] A fine becomes "delinquent" if a payment is more than thirty days late. 18 U.S.C. § 3572(h). A penalty of ten percent of the balance of the fine may be imposed for delinquency. 18 U.S.C. § 3612(g). A fine enters "default" if payment is delinquent for more than ninety days. 18 U.S.C. § 3572(I). A penalty of fifteen percent of the balance of the fine may be imposed for default. 18 U.S.C. § 3612(g). It appears Petitioner was charged five-thousand dollars in penalties. (Answer, Ex. 1, attachment 2). As Petitioner's fine entered delinquency and then default during the period of non-payment between May 2003 and September 2003, it appears that the penalties assessed against Petitioner were consistent with the statutory guidelines.

Normal monthly payments resumed in September 2003. (Pet. at 12); (Answer, Ex. 1, attachment 2). The last twenty-five dollar monthly payment from Petitioner's IFRP account was made in January 2004. (Id.).

It appears that the United States Attorney, Financial Litigation Unit, recorded a lien on real property owned by Petitioner in order to secure Petitioner's payment of his fine and special assessment. See (Pet. at 9-10; 16); 18 U.S.C. § 3613(c)-(d)). The property that was subjected to the United State's lien is located at 7009 Atlantic Place, Long Beach, California, 90805.[4] See (Pet. at 16). On or about February 17, 2004, the United States Attorney's Financial Litigation Unit received a payment of $29,024.48 on Petitioner's behalf from Accurate Escrow, Inc.; this payment extinguished the lien on Petitioner's Long Beach property and satisfied the financial obligations imposed by Petitioner's sentence. (Pet.at 16; Answer, Ex. 1, attachment 2). In total, Petitioner paid $29,774.48 to the United States in connection with his sentence. (Id.). Petitioner contends that he has overpaid in the amount of $9,774.48.

## Discussion

**I.    Jurisdiction**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) (discussing distinction between sections 2255 and 2241). A federal prisoner may challenge the execution of a criminal fine imposed pursuant to his sentence in an action pursuant to section 2241. See Montano-Figueroa, 162 F.3d 548, 549 (9th Cir. 1998) (reaching the merits of petitioner's section 2241 challenge to amount and timing of fine payments); see also United States v. Lemoine, 546 F.3d 1042, 1046 (9th Cir. 2008) (reaching the merits of petitioner's 2241 claim regarding voluntary participation in IFRP); Dohrmann v. United

---

[4] Long Beach is located in Los Angeles County and is within the jurisdiction of the United States District Court for the Central District of California. 28 U.S.C. § 84.

States, 442 F.3d 1279, 1280-81 (11th Cir. 2006) (rejecting 2241 challenge to execution of a restitution order because issue was not raised on direct appeal).

Respondent contends that the Court lacks jurisdiction over this matter because the petition does not challenge "the fact or duration of [Petitioner's] confinement." (Answer at 4). Respondent's position fails to account for the fact that section 2241 may be used to challenge the execution of a prisoner's sentence even where the prisoner does not seek release from custody. See, e.g., Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000) (construing petitioner's challenge to his transfer to a private prison as a challenge to the execution of his sentence pursuant to section 2241). Unlike section 2255, section 2241 does not contain language limiting jurisdiction under section 2241 to petitioners who are "claiming the right to be released." 28 U.S.C. § 2255; compare United States v. Thiele, 314 F.3d 399, 401 (9th Cir. 2002) (challenge to restitution order not cognizable under section 2255 because petitioner was not claiming right to be released) with Montano-Figueroa, 162 F.3d at 549 (challenge to timing and amount of fine payments cognizable under section 2241). The instant petition challenges the execution of the fine imposed by Petitioner's sentence and asserts that the amount collected is contrary to the sentencing court's order. Accordingly, the Court has jurisdiction over Petitioner's claim pursuant to section 2241. See Montano-Figueroa, 162 F.3d at 549; see also Thurman v. Thomas, 2008 U.S. Dist. LEXIS 75999 * 3 (D. Or. 2008) (reaching the merits of 2241 petition asking court to order respondent to cease collecting restitution payments).

Respondent also contends that the Court lacks jurisdiction because in order "to be properly before the Court pursuant to 28 U.S.C. § 2241, Warden Smith, Petitioner's custodian, must be able to provide the relief requested concerning the execution of the sentence at issue." (Answer at 2) (citations omitted). Respondent is mistaken. The "immediate physical custodian rule" alluded to by Respondent does not apply when a habeas petitioner challenges something other than his present physical confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004) (discussing instances in which a petitioner may name as respondent an entity other than immediate physical custodian under section 2241). As Petitioner does not challenge his immediate physical custody, Petitioner's decision not to name the warden of his institution as respondent in this action does not divest the Court of subject matter jurisdiction. See id. at 434 n.7 (distinguishing the meaning of the word

"jurisdiction" as used in section 2241 from "jurisdiction" as used in the context of the subject matter jurisdiction of federal district courts).[5] Respondent's contention regarding the proper respondent in this action is best characterized as a challenge to personal-jurisdiction or venue, not subject matter jurisdiction. See id., 542 U.S. at 452-53 (Kennedy, J., concurring) (stating that the immediate custodian and territorial-jurisdiction rules for 2241 actions are akin to personal jurisdiction or venue rules)[6]; see also Smith v. Idaho, 392 F.3d 350, 355-356 (9th Cir. 2004) (characterizing the issue as a question of personal jurisdiction and proceeding to reach the merits of a petition despite the fact that petitioner named an improper respondent).

**II.   Venue**

District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). For "core" habeas petitions challenging present physical confinement, venue is appropriate only in the district in which a petitioner is confined, as "the district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent... because...[b]y definition, the immediate custodian and the prisoner reside in the same district." Padilla, 542 U.S. at 444. The rule that the proper venue for a challenge to present physical custody lies only in the district of confinement is based on the requirement that the court issuing the writ have jurisdiction over the entity capable of effecting the relief sought in the petition; in the context of a challenge to physical custody, that entity is the petitioner's custodian. See, e.g., Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973) ("The important fact to be observed in regard to the mode of procedure upon [a writ of habeas corpus], that it is directed to, and served upon...[the]

---

[5] In his concurring opinion, Justice Kennedy echoed the majority's view of the term "jurisdiction" in section 2241: "the phrase 'respective jurisdictions' [as used in section 2241] does establish a territorial restriction on the proper forum for habeas petitions, but does not of necessity establish that the limitation goes to the power of the court to hear the case." Id. at 452 (Kennedy, J., concurring).

[6] In a section of Respondent's answer entitled "Jurisdictional Prerequisites and Related Matters," Respondent suggests that "it is questionable...whether venue is proper in this district." (Answer at 2). In a subsection contained on the same page entitled "Personal Service," Respondent suggests that Petitioner's custodian should have been personally served in this action. (Id.). Respondent does not, however, ask the Court to dismiss the petition for improper venue or for lack of personal service. In Padilla, Justice Kennedy observed that "[b]ecause the immediate custodian and territorial-jurisdiction rules are like personal-jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the Government." 542 U.S. at 452-53 (Kennedy, J., concurring); accord Mujahid v. Daniels, 413 F.3d 991, 994 n.2 (9th Cir. 2005) (citing Justice Kennedy's position with approval).

jailer...compelling the oppressor to release [the petitioner's] constraint"). Where a petitioner does not seek release from custody, venue may not be appropriate in the district of confinement. See id. at 500 (discussing application of traditional venue considerations in the context of a section 2241 petition challenging interstate detainer)[7]; see also Padilla, 542 U.S. at 438 (noting that a district court in a location other than the district of confinement may consider a petition under 2241 where petition does not challenge immediate physical confinement). In order to determine the proper venue for a petition under 2241 that does not challenge present physical custody, a federal habeas court must first determine which district has jurisdiction over the entity capable of effecting relief. See 28 U.S.C. 2241(a); see Padilla, 542 U.S. at 445-47 (discussing requirement that district court have jurisdiction over proper respondent capable of effecting relief in order to entertain petition); see also Wheeler v. United States, 640 F.2d 1116, 1121 n.7 (9th Cir. 1998) (stating that a court must have a respondent over whom it can assert jurisdiction in order to entertain a habeas petition).

    Whether a party present within the territorial jurisdiction of this Court may effect the relief Petitioner seeks is unclear. Although Petitioner's custodian is within the Eastern District, the instant petition presents a rare occasion in which the Petitioner's immediate custodian, Warden Smith, does not have the power to remedy Petitioner's alleged injury. Warden Smith did not receive the monies paid by Petitioner in satisfaction of his criminal fine and has no authority to effect the return of any of the funds. Even assuming *arguendo* that some entity within the Eastern District does have the authority to effect the relief Petitioner seeks, the Court finds that conventional venue considerations require the transfer of this action to the United States District Court for the Central District of California. See Braden, 410 U.S. at 500 (stating that traditional venue considerations apply when immediate physical custodian rule does not and noting authority of district courts to transfer habeas cases to the most convenient venue).

    "As the Supreme Court explained in Braden, factors to be considered in determining whether venue is proper in a habeas suit include: (1) 'where all of the material events took place'; (2) where 'the records and witnesses pertinent to petitioner's claim are likely to be found'; and (3) the

---

[7] In Braden, the petitioner sought a writ ordering a state court in Kentucky to afford him an immediate trial on a three-year-old Kentucky indictment. 410 U.S. at 485.

convenience of the forum for both the respondent and the petitioner." Henderson v. INS, 157 F.3d 106, 128 n.25 (2nd Cir. 1998) (citing Braden, 410 U.S. at 493-494). Consideration of each of the three venue factors discussed in Braden leads the Court to conclude that the Eastern District is not the appropriate venue for this action.

First, the material events underlying the instant petition all occurred in the Central District: Petitioner was convicted and sentenced in the Central District; Petitioner's payments were directed to the Central District Court; the real property that was subjected to the United State's lien is located within the Central District; the title company's alleged overpayment on behalf of Petitioner occurred in the Central District. Second, other than Petitioner, whose testimony is not likely necessary to resolve this matter, all witnesses and records relevant to this action appear to be located in the Central District.[8] The Central District is responsible for maintaining Petitioner's accounting history with respect to his sentence, and the title company that made the alleged overpayment is located in the Central District. (Pet. at 16 ; Answer, Ex. 1, attachment 2). Finally, because the essential witnesses and records are not located in the Eastern District, there appears to be no reason why the Eastern District is a more convenient forum in which to litigate this matter.

Because there may be no party within this Court's territorial jurisdiction who can effect the relief Petitioner seeks, and because the Court finds that: 1) the material events underlying this action occurred in the Central District; 2) the key witnesses and records are located in the Central District; and 3) the Eastern District does not provide a convenient forum for the resolution of Petitioner's claim; this action should be transferred to the Central District. 28 U.S.C. §§ 1404(a); 1406(a).

### Recomendation

Accordingly, the Court HEREBY RECOMMENDS that his action be TRANSFERRED to the United States District Court for the Central District of California.

///

---

[8] The Court can conceive of no reason why Petitioner's testimony would be needed to resolve this matter. Petitioner's sentence and the documents which account for each of Petitioner's payments are the best evidence of the terms of Petitioner's fine and the amounts he has paid in satisfaction thereof. Further, as there does not appear to be any factual dispute concerning the amount of money Petitioner has paid in satisfaction of his fine, resolution of Petitioner's claim will entail no more than a review of Petitioner's sentence and the applicable statutes.

1	This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United
2	States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304
3	of the Local Rules of Practice for the United States District Court, Eastern District of California.
4	Within thirty (30) days after being served with a copy, any party may file written objections with the
5	court and serve a copy on all parties.  Such a document should be captioned "Objections to
6	Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
7	filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.
8	The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c).  The
9	parties are advised that failure to file objections within the specified time may waive the right to
10	appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11	IT IS SO ORDERED.

12	**Dated:      July 8, 2009**            **/s/ John M. Dixon**
	                                   UNITED STATES MAGISTRATE JUDGE